**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

**LAW OFFICE OF KRISTA C. GEDDES**
KRISTA GEDDES, State Bar #288657
2261 Saint George Lane, Suite F
Chico, CA 95926
Telephone: (530) 774-2359

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL CRANE,<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTY OF BUTTE; TIMOTHY HILL, former Butte County Correctional Officer; KORY L. HONEA, Butte County Sheriff-Coroner, DOES 1-20,<br><br>             Defendants.<br>_____/ | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff complains and alleges as follows:

**JURISDICTION AND VENUE**

1.   This complaint seeks damages pursuant to Title 42 U.S.C. sections 1983 and 1988 for the violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.  Plaintiff's claims arose in the County of Butte, California. Venue lies in the Eastern District of California pursuant to Title 28 U.S.C. section 1291.

**INTRODUCTION**

2.   For years, the correctional officers at the Butte County Jail were allowed to compensate for their limited peace officer authority outside of the correctional facility by

1

1  being permitted to exceed their authority within the facility by sexually tormenting, and
2  obtaining sexual gratification from, the female prisoners at the jail.

3       3.     Multiple officers victimized multiple women. However, the prior complaints
4  of sexual misconduct by Butte County correctional officers fell on deaf ears. The conduct
5  was so pervasive that it is inconceivable that supervisors did not know that the misconduct
6  was occurring. The failure of the supervisors to take preventative or corrective action shows
7  their acquiescence or deliberate indifference to the ongoing criminal exploitation of the
8  women entrusted to their care.

9       4.     This sexual misconduct both terrorized and traumatized plaintiff who, for
10 approximately one month, was serving a sentence at the Butte County Jail. While at the jail,
11 plaintiff was subjected to repeated, intentional sexual assaults by Butte County correctional
12 officer Timothy Hill. Hill's conduct placed plaintiff in a constant state of fear as to whether
13 there would be any limits as to what he would do.

14      5.     Hill was criminally convicted for his illegal actions involving plaintiff.

15 **PARTIES**

16      6.     Plaintiff Carol Crane is and was, during all times mentioned in this
17 Complaint, a United States citizen currently residing in Chico, California. At the time of the
18 acts alleged herein, plaintiff was serving a sentence at the Butte County Jail.

19      7.     Defendant Timothy Hill was, during all times mentioned herein, a Butte
20 County correctional officer employed by the County of Butte at the Butte County Jail.

21      8.     Defendant Kory L. Honea is and was, at all times mentioned herein, the Butte
22 County Sheriff-Coroner.

23      9.     Defendant County of Butte is a political subdivision of the State of
24 California, created and existing by virtue of the laws of the State of California.

25      10.     The true names and identities of Does 1 through 10 are presently unknown to
26 plaintiff. Plaintiff alleges on information and belief that each of Does 1 through 10 was a
27 correctional officer employed by the County of Butte and/or the County of Butte Sheriff's
28 Department and working at the jail during the time of these incidents. Plaintiff will seek to

1  amend this complaint as soon as the true names and identities of Does 1 through 10 have
2  been ascertained.
3      11.   The true names and identities of Does 11 through 20 are presently unknown
4  to plaintiff. Plaintiff alleges on information and belief that each of Does 11 through 20 was a
5  supervising officer employed by the County of Butte and/or the County of Butte Sheriff's
6  Department and working at the jail during the time of these incidents. Plaintiff will seek to
7  amend this complaint a soon as the true names and identities of Does 11 through 20 have
8  been ascertained.
9      12.   Defendants, and each of them, to the extent they engaged in any acts or
10 omissions alleged therein, engaged in such acts and/or omissions under color of state law.

**FACTUAL ALLEGATIONS**

12     13.   Plaintiff is a former registered nurse who is thin-framed and stands 5'8" –
13 5'9" tall with blond hair. She entered the Butte County Jail on or about June 26, 2014.
14     14.   While being booked into the Butte County Jail, plaintiff fell asleep in the
15 booking area and was awoken by Hill, who escorted her to a holding cell still in the booking
16 area.
17     15.   Once she was in the holding cell, plaintiff again fell asleep. She was again
18 awoken by Hill, who had fully exposed his erect penis and was holding it near plaintiff's
19 face.
20     16.   Hill ordered plaintiff to touch his penis. Plaintiff recoiled from him. Hill
21 ordered plaintiff not to move any further because of security cameras in the area.
22     17.   Hill left and, after several minutes had passed, returned to the cell. Hill took
23 plaintiff's hand and placed it on his erect penis. Plaintiff again pulled away from him. Hill
24 then left the area.
25     18.   Approximately 10-14 days later, under the ruse that plaintiff had a visitor,
26 Hill escorted plaintiff to an attorney-client visit room. At the Butte County Jail, the attorney-
27 client visit rooms are partitioned with one side for the attorneys and one side for the inmate.
28

1  There are no video cameras and no call-buttons accessible on the inmate's side of the room.
2  Hill left plaintiff in the room alone for several minutes.

3      19.    Plaintiff did not have an attorney visit that day.

4      20.    Hill came back into the attorney-client visit room and began to assault
5  plaintiff by placing his hands all over her body. Hill placed his hands underneath plaintiff's
6  jail-issued jumpsuit and grabbed and fondled her breasts. Although plaintiff tried to
7  maneuver so as to prevent Hill from accessing her vagina, she was unsuccessful and Hill
8  used his finger or fingers to penetrate her vagina. Several times while Hill was assaulting
9  plaintiff in this manner, he suddenly left the room as if he were afraid of getting caught and
10 then returned shortly thereafter. Upon re-entering the room each time, Hill resumed his
11 assaults on plaintiff. To plaintiff, this course of conduct seemed to go on forever. During
12 these assaults, Hill spewed a monologue of offensive sexual comments that could have been
13 taken from a pornographic movie.

14     21.    Prior to her release from the jail, plaintiff reported the sexual assaults by Hill.

15     22.    Plaintiff was released from the Butte County Jail on or about July 23, 2014.

16     23.    Eventually, Hill resigned as correctional officer at the Butte County Jail.

17     24.    Hill was criminally charged with three misdemeanor counts based on his
18 sexual assaults of plaintiff: indecent exposure, in violation of California Penal code section
19 314(1), sexual activity with a detainee in a detention facility, in violation of section
20 289.6(a)(2), and sexual battery, in violation of section 243.4(e)(1).

21     25.    On or about October 14, 2015, Hill pleaded no contest to the offense of
22 sexual activity with a detainee in a detention facility, in violation of section 289.6(a)(2). This
23 is a misdemeanor offense for sexual conduct with a consenting adult, which plaintiff was
24 not. On information and belief, the Butte County District Attorney, acting at the behest of
25 Sheriff Honea, permitted Hill to plead guilty to this misdemeanor charge in an attempt to
26 minimize his criminal liability, and, correspondingly, to attempt to minimize the civil
27 liability of the sheriff's department for Hill's conduct.

28

26. At Hill's sentencing, the court granted a restraining order as to plaintiff and two other inmate victims whom Hill assaulted while he was employed as a correctional officer at the Butte County Jail.

27. As a result of the violations described herein, plaintiff suffered and continues to suffer damages including, but not limited to, severe emotional distress, anxiety and psychological trauma. Through this action, plaintiff seeks compensation for all of her injuries, pain and suffering, emotional distress and legal expenses. Plaintiff also seeks punitive damages against the individual defendants.

28. The Butte County Sheriff's Department had, and continues to have a custom and practice of imposing inadequate or no discipline on employees who have acted in a sexually inappropriate manner.

29. The Butte County Sheriff's Department had, and continues to have, a custom and practice of inadequately investigating complaints of sexual misconduct and sexual assaults.

30. The Butte County Sheriff's Department had, and continues to have, a custom and practice of inadequate supervision at the jail, thus increasing the prevalence of sexual abuse and sexual misconduct.

31. Prior to Hill's sexual assaults against plaintiff, Sheriff Honea had actual notice of Hill's ongoing misconduct of sexual harassment and sexual assaults committed on Butte County jail inmates in his care and custody, but took no action, resulting in the constitutional violations alleged herein being suffered by plaintiff. Specifically, in August of 2013, multiple other jail inmates complained, through the Butte County Inmate Advocate, of sexual harassment and sexual assaults by Hill. The Butte County Inmate Advocate notified Sheriff Honea personally and directly of these prior complaints. On information and belief, Sheriff Honea spoke directly to one or more of the inmate complainants as well as the Inmate Advocate. Despite having actual knowledge of Hill's pattern of sexually assaulting inmates, Sheriff Honea took no action to address the ongoing constitutional violations. Had

Sheriff Honea taken appropriate steps in response to the 2013 complaints against Hill, none of the conduct alleged herein would have occurred.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Cruel and Unusual Punishment**
**(42 U.S.C. §1983)**
*(Against Hill and Does 1-10)*

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31, as though fully set forth herein.

33. The actions of defendant Hill, including, but not limited to, his repeated assaults of plaintiff while she was in a holding cell, and subsequently in the attorney-client visiting room, at the Butte County Jail, constituted cruel and unusual punishment. Such conduct violated plaintiff's rights as protected by the Eighth Amendment of the United States Constitution.

34. As a direct and proximate result, plaintiff suffered injury and damages as alleged herein.

35. The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### SECOND CAUSE OF ACTION
**Violation of Substantive Due Process**
**(42 U.S.C. §1983)**
*(Against Hill and Does 1-10)*

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The conduct of defendant Hill, including, but not limited to, his repeated sexual assaults of plaintiff while she was in the holding cell at the Butte County Jail, and subsequently in the attorney-client visiting room, were unreasonable and conscious-shocking, and as such constituted a violation of substantive due process. This conduct also

violated plaintiff's substantive due process right under the Fourteenth Amendment to be free from violations of her bodily integrity.

38. As a direct and proximate result, plaintiff suffered injury and damages as alleged herein.

39. The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**THIRD CAUSE OF ACTION**
**Supervisory Liability**
**(42 U.S.C. §1983)**
*(Against Sheriff Honea and Does 11-20)*

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The aforementioned acts and/or omissions of Sheriff Honea were the direct and proximate cause of a failure to adequately supervise subordinate employees so as to prevent the constitutional violations from occurring. These failures included the inadequate investigation and discipline of sexual misconduct by officers and the failure to adequately supervise subordinates.

42. As a direct and proximate result, plaintiff suffered injuries and damages as alleged herein.

**FOURTH CAUSE OF ACTION**
**Municipal Liability**
**(42 U.S.C. §1983)**
*(Against County of Butte)*

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. The constitutional violations committed by defendant Hill as described herein resulted from de facto policies, customs and practices that were in effect at the Butte County Jail, including (1) imposing inadequate or no discipline on employees who have acted in a

sexually inappropriate manner; (2) inadequately investigating complaints of sexual misconduct and sexual assaults; and (3) inadequately supervising the officers at the jail, thus increasing the prevalence of sexual abuse and sexual misconduct.

45. As a direct and proximate result of the aforementioned formal policies and practices of County of Butte, plaintiff suffered injuries and damages as alleged herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each individually named defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

4. For such other relief as the Court may deem proper.

Dated:  May 16, 2016                                    Respectfully submitted,

/s/_Stewart Katz
Stewart Katz

/s/ Krista Geddes
Krista Geddes

Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

Dated:  May 16, 2016                                    Respectfully submitted,

/s/_Stewart Katz
Stewart Katz

/s/ Krista Geddes
Krista Geddes
Attorneys for Plaintiff

8